IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBWHITE RENTALS, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § CIVIL ACTION NO. H-18-1330 |
| | § |
| NATIONAL LIABILITY & FIRE | § |
| INSURANCE COMPANY, | § |
| | § |
| Defendant. | § |

## **MEMORANDUM AND RECOMMENDATION**

Pending and referred by the District Judge for a Memorandum and Recommendation is Defendant National Liability & Fire Insurance Company's Motion for Summary Judgment (Document No. 5). Having considered that motion, the response in opposition, the reply, the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 5) be GRANTED.

### **I.     Background**

This is an insurance dispute between Plaintiff Bobwhite Rentals, LLC ("Bobwhite") and National Liability & Fire Insurance Company ("National"), an insurance company that issued Bobwhite a business auto coverage policy. Suit was filed by Bobwhite in state court, and removed to this Court on the basis of diversity jurisdiction. Bobwhite has asserted a breach of contract claim.

The underlying facts are not generally in dispute. On March 6, 2015, a fire on Bobwhite's premises damaged a storage tank owned by one of Bobwhite's customers, XTO Energy. Bobwhite

reported the fire to its insurance broker the same day. Close to two months later, on April 30, 2015, Bobwhite paid XTO Energy $50,000 in settlement of any claim arising out of the fire and the damage to XTO Energy's property. More than a year later, Bobwhite, through its insurance broker, reported the fire and the loss to National. On July 14, 2016, National issued a reservations of rights letter and investigated the claim. On November 1, 2017, National denied the claim, writing in its denial letter the following:

> Due to the late notice, lack of opportunity to investigate the loss contemporaneously, and the assumption of an obligation without our prior consent, the Policy will not apply to any claim arising out of this incident.

(Document No. 5-5 at 2). Bobwhite's breach of contract claim is based on this denial by National of its claim related to the March 6, 2015 fire.

National seeks summary judgment, arguing that it has no liability on the breach of contract claim because Bobwhite failed to comply with the following notice and settlement provisions in the policy:

> **2.  Duties in the Event of Accident, Claim, Suit or Loss**
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> a.  In the event of "accident" claim, "suit" or "loss," you must give us or our authorized representative prompt notice of the "accident" or "loss." Include:
>     (1)  How, when and where the "accident" or "loss" occurred;
>     (2)  The "insured's" name and address; and
>     (3)  To the extent possible, the names and addresses of any injured persons and witnesses.
> b.  Additionally, you and any other involved "insured" must:
>     (1)  Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(Document No. 5-1 at 188). National also argues that it was prejudiced, as a matter of law, by

2

Bobwhite's failure to comply with the aforementioned notice and settlement provisions in the policy. Bobwhite's response is two-fold: (1) that there is a genuine issue of material fact on whether its insurance broker was, or could be considered, National's agent for purposes of the notice requirement; and (2) prejudice cannot be presumed, and must be proven, which National has not done.[1]

## II. Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).[2] A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions

---

[1] Bobwhite also pointed out in its Response that National had not authenticated the exhibits/summary judgment evidence attached to its Motion for Summary Judgment. National cured that defect with the filing of an authenticating affidavit (Document No. 17).

[2] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

3

that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

### III. Discussion

#### A. Notice

The uncontroverted summary judgment evidence in the record shows that *National* was not notified of the claim/loss until June 16, 2016 (Document No. 5-3), over a year after the fire occurred and over a year after Bobwhite had settled the property damage claim with its customer XTO Energy. What Bobwhite seeks to put in dispute is whether the notice it provided to its insurance broker, USI Southwest, constitutes, or could constitute, notice to National. Bobwhite argues in this regard: "Plaintiff in fact provided written notice of the insurance to its insurance broker, USI Southwest ("USI") on the same day that the loss occurred. . . . The explosion occurred on March 6, 2015. On

the same day, Marion Walter, the executive assistant of Plaintiff's President sent notice of the Claim to its insurance broker, USI, who obtained the Policy from Defendant in the first place. . . . Whether notice to the broker constitutes de facto notice to Defendant is, of course, a material question of fact." Bobwhite's Response (Document No. 16) at 4. In addition, David Freeman, Vice President of Operations at Bobwhite, states in his affidavit that:

> 8. Bobwhite purchased the Policy through an insurance brokerage company that operates under the name USI Southwest ("USI").
>
> 9. On March 6, 2015, promptly upon learning of the explosion and fire, Bobwhite sent e-mail notice of the event to its insurance broker. Attached hereto as Appendix No. 2 is a true and correct copy of the e-mail notice sent from Ms. Marion Walter at Bobwhite to several employees of USI, including Ms. Anne Pepper, who acknowledged receipt of the notice.
>
> 10. During his employment with Bobwhite, the company has experienced a variety of casualty losses that have resulted in claims against the company's liability insurance policies. It has been Bobwhite's practice to send notice of these claims to its broker, and, until now, has never had a claim under a liability insurance policy denied based on the argument that notice to USI is inadequate.

(Document No. 16-1 at 3).

As argued by National, neither Freeman's affidavit nor the attached email to USI is summary judgment evidence that USI was, for purposes of claim/loss notices, *National's agent* – meaning, that evidence cannot be taken to raise a genuine issue of material fact on whether USI was, or could be considered, *National's agent*. Bobwhite refers to USI in its Response to the Motion for Summary Judgment as "its" insurance broker. Nothing in the summary judgment evidence relates to whether USI was, or could be considered, National's agent for notice purposes, and the law in Texas is generally to the contrary. *See Continental Cas. Co. v. Bock*, 340 S.W.2d 527, 532 (Tex. App.–Houston 1960, writ ref'd n.r.e.) ("The law is well settled that where the policy is issued at the

5

instance of and is delivered to the insured through an intermediary or broker who collects the premium and shares in the commission paid thereon by the insurer, such an intermediary is the agent of the insured."). The out-of-state cases relied upon by Bobwhite are not controlling or persuasive. Neither the summary judgment evidence nor the controlling case law supports the conclusion that USI could, or should, be considered National's agent for notice purposes. There is, therefore, no genuine issue of material fact on the untimeliness of the notice.

**B.     Prejudice**

Again, the uncontroverted summary judgment evidence in the record shows that *National* was not notified of the claim/loss until June 16, 2016 (Document No. 5-3), over a year after the fire occurred and over a year after Bobwhite had settled the property damage claim with its customer XTO Energy. While Bobwhite argues it cannot be *presumed* that National was prejudiced by this late notice and its unilateral settlement with XTO Energy, the Fifth Circuit in *Motiva Enterprises, LLC v. St. Paul Fire & Marine Ins. Co.*, 445 F.3d 381 (5th Cir. 2006), concluded that prejudice to an insurer, under circumstances like that at issue in this case, *is* to be presumed. Based on *Motiva*, National maintains that it was prejudiced as a matter of law by the untimely notice and Bobwhite's unilateral settlement with XTO Energy.

In *Motiva*, an insured settled "an action for damages without notice to" its insurer and without obtaining the insurer's consent. The principal issue to be decided was "whether Motiva's settlement of the *Beaver* claim without giving National Union an opportunity to participate in the final settlement decision and without obtaining National Union's consent to the settlement precludes Motiva's action against National Union under the policy for reimbursement of the sum Motiva paid in settlement." *Id.* at 385. In deciding that Motiva could not prevail on its claim against its insurer,

6

the Fifth Circuit wrote:

> ... it is not entirely clear under Texas law whether an insurer must demonstrate prejudice before it can avoid its obligations under a policy where the insured breaches a prompt-notice provision or a consent-to-settle provision. Assuming without deciding that an insurer must show prejudice to avoid its obligations under the policy when the insured breaches the consent-to-settle provision, based on the summary judgment evidence in this case, we are satisfied that National Union suffered prejudice as a matter of law. An insurer's right to participate in the settlement process is an essential prerequisite to its obligation to pay a settlement. When, as in this case, the insurer is not consulted about the settlement, the settlement is not tendered to it and the insurer has no opportunity to participate in or consent to the ultimate settlement decision, we conclude that the insurer is prejudiced as a matter of law. Under these circumstances the breach of consent-to-settle provision in the policy precludes this action.

*Id.* at 386-87.

In its response to National's Motion for Summary Judgment, Bobwhite argues that *Motiva* does not, and should not, control on the prejudice issue, and that the Texas Supreme Court's decisions in *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691 (Tex. 1994) and *Lennar Corp. v. Markel American Ins. Co.*, 413 S.W.3d 750 (Tex. 2013) can be viewed as requiring proof of actual prejudice. But, *Hernandez* was addressed specifically by the Court in *Motiva*, and *Lennar* is clearly distinguishable in that the insurer <u>was</u> given prompt notice of the claim, but refused to participate in the settlements Lennar had reached with homeowners.

Here, like *Motiva*, and unlike *Lennar*, National was not given notice of the claim/loss until a year after the occurrence, and a year after Bobwhite settled XTO Energy's property damage claim for $50,000. Like *Motiva*, National was prejudiced as a matter of law by that unilateral settlement. Bobwhite's claim under the policy is therefore precluded, and National is entitled to summary judgment on Bobwhite's breach of contract claim.

## IV. Conclusion and Recommendation

Based on the forgoing and the conclusion that there is no genuine issue of material fact as to whether Bobwhite failed to comply with the notice and settlement provisions in the insurance policy made the basis of this case, the Magistrate Judge

RECOMMENDS that Defendant's Motion for Summary Judgment (Document No. 5) be GRANTED and that Plaintiff's breach of contract claim be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 12th day of February, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE